***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DERRICK K. PARRISH, | : | |
| | : | Civil Action No. 12-3581 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OCEAN CTY. JAIL, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

**DERRICK PARRISH,** Plaintiff pro se
#P2001
c/o Ocean Co. Dept. Corrections
114 Hooper Ave.
Toms River, N.J. 08754

**WOLFSON**, District Judge

Plaintiff Derrick Parrish ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

---

[1] Plaintiff initially failed to submit a complete application to proceed *in forma pauperis*. (Docket Entry No. 1.) This Court denied his request and administratively terminated the instant case. (Docket Entry No. 2.) Plaintiff has now submitted a complete application (Docket Entry No. 3) and the Court will re-open the case to conduct its screening.

is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff, incarcerated at the Ocean County Jail in Toms River, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Ocean County Jail.  The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On April 25, 2012, Plaintiff was moved from protective custody to regular custody in the jail.  Plaintiff had been in protective custody as a result of a fight with inmate Marcus Samuels. Upon arriving in his new tier, he requested that Officer Lamb check the computer for any "keep separates."  The officer advised Plaintiff that there were no "keep separates" listed in his new tier. However, Plaintiff immediately encountered Marcus Samuels and when he approached Mr. Samuels, Plaintiff was tackled to the floor and injured his back.  Plaintiff was placed in protective custody and received seven days detention.  Plaintiff names only the Ocean County Jail as a defendant.

Plaintiff seeks monetary damages to compensate him for his physical and mental injuries, as well as for his medical bills.

## II.  DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a

2

prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578

F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

At the outset, the Court notes that Plaintiff names only the Ocean County Jail as a defendant.   However, Ocean County Jail is not an entity cognizable as a "person" for the purposes of a § 1983 suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Grabow v. Southern State Correctional Facility*, 726 F.Supp. 537, 538–39 (D.N.J. 1989); *see also Marsden v. Federal BOP*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994).   Therefore, Plaintiff's allegations against Ocean County Jail will be dismissed, and such dismissal will be with prejudice.

To the extent Plaintiff intended to name Officer Lamb as a defendant, his claims will also be dismissed, but without prejudice.   Based on the facts alleged in the complaint, it is unclear whether Plaintiff is a pretrial detainee or a convicted and sentenced prisoner.   "[U]nder the

Constitution's guarantees of due process, an unsentenced inmate 'is entitled[,] at a minimum, to no less protection than a sentenced inmate is entitled to under the Eighth Amendment.'" *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)(citing *Fuentes v. Wagner,* 206 F.3d 335, 341–42 (3d Cir. 2000)). Still, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970; *Hamilton*, 117 F.3d at 746. "Deliberate indifference" in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Bistrian v. Levi*, 696 F.3d at 367 (quoting *Beers–Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). A plaintiff can prove an official's actual knowledge of a substantial risk to his safety 'in the usual ways, including inference from circumstantial evidence.'" *Id.* (quoting *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970.

However, a negligent failure to prevent an attack is insufficient to establish a violation of the Eighth Amendment. *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); *see also Schwartz v. County of Montgomery*, 843 F.Supp. 962 (E.D.Pa.), *aff'd*, 37 F.3d 1488 (3d Cir.1994) (stating that corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or

5

Fourteenth Amendments).

In this case, Plaintiff has not alleged that Officer Lamb was deliberately indifferent. In fact, Plaintiff himself states that "as a result of classification's negligence and officer negligence," his back was injured by the other inmate. As such, he has failed to state a claim and the complaint will be dismissed. *Burton v. Kindle*, 401 F. App'x. 635, 637 (3d Cir. 2010)("It is well established that merely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent.")

### III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2] An appropriate order follows.

Dated: January 8, 2013

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*